UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER T., <br><br>            Plaintiff, <br><br>      v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>            Defendant. | CASE NO. 3:22-CV-5333-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred at Step Two of the sequential evaluation process in her assessment of Plaintiff's fibromyalgia and her assessment is not supported by substantial evidence. In addition, because the ALJ did not consider Plaintiff's fibromyalgia throughout the sequential evaluation process,

the Court concludes that the ALJ's error is harmful. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), this matter is reversed and remanded to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2017, Plaintiff filed an application for DIB alleging a disability onset date of May 1, 2013.[1] *See* Dkt. 8, Administrative Record ("AR") 381. On April 3, 2017, Plaintiff filed an application for SSI benefits. *See* AR 383. *See* AR 381, 383. The applications were denied upon initial administrative review and on reconsideration. AR 21. At Plaintiff's request, ALJ Virginia M. Robinson held a hearing on November 28, 2018. *See* AR 47-83. In a decision dated March 13, 2019, the ALJ determined Plaintiff was not disabled pursuant to the Social Security Act. *See* AR 124. On April 28, 2020, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for further consideration.[2] *See* AR 232-7.

Pursuant to the Appeals Council remand order, the ALJ held a telephone hearing on March 16, 2021. *See* AR 84-120. In a decision dated April 20, 2021, the ALJ determined that Plaintiff was not disabled pursuant to the Social Security Act. *See* AR 24-40. Plaintiff requested

---

[1] Plaintiff previously filed DIB and SSI applications on May 14, 2014. AR. 21. On December 7, 2016, Administrative Law Judge Timothy Mangrum found the claimant not disabled. That decision is administratively final as Plaintiff did not appeal the decision. *See* AR 21. Subsequently, Plaintiff amended the alleged disability date to September 8, 2016, the day after ALJ Mangrum's decision. *See* AR 22.

[2] The Appeals Council instructed the ALJ to address the *Chavez* presumption, further evaluate the claimant's mental impairments, reconsider the claimant's residual functional capacity, and obtain testimony from a vocational expert. AR. 232-7. As noted by the ALJ, "[t]he prior unfavorable decision creates a presumption of continuing non-disability. AR 22 (citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). However, the ALJ found the presumption rebutted because the mental listings have changed, and Plaintiff developed new impairments since the last decision. *Id.*

review of the ALJ decision and on April 4, 2022, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *See* AR 1.

In Plaintiff's Opening Brief, she maintains the ALJ erred by: (1) failing to properly evaluate her treating primary care physician's opinion with respect to her fibromyalgia diagnosis at Step Two of the sequential evaluation process, and (2) failing to provide clear and convincing reasons for rejecting her testimony.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

## DISCUSSION

**I. Whether the ALJ Properly Assessed Plaintiff's Fibromyalgia at Step Two of the Sequential Evaluation Process.**

Plaintiff argues that the ALJ erred at Step Two in determining that her fibromyalgia was neither a medically determinable nor a severe impairment because the ALJ's determination is not based on substantial evidence. Dkt. 10 at 5. Specifically, Plaintiff contends this is harmful error because the ALJ erred in her evaluation of Plaintiff's treating physician's opinion with respect to her fibromyalgia and failed to provide clear and convincing reasons for discrediting Plaintiff's testimony regarding pain related to fibromyalgia. Dkt. 10.

The Commissioner responds that, "even though the ALJ found fibromyalgia not medically determinable and not severe, the ALJ explicitly 'considered all of [Plaintiff's]

1  complaints, regardless of the source of these symptoms,' in assessing her residual functional
2  capacity." Dkt. 11 at 3 (citing AR 25). Specifically, the Commissioner responds that, even if
3  fibromyalgia was a severe impairment, the ALJ discounted Dr. Kirchner's assessment because
4  her limitations were overstated based on the objective medical evidence including examinations
5  showing full strength, normal muscle tone and bulk, and no atrophy. *Id*. at 3-4.

6        Plaintiff replies there is nothing in the ALJ's opinion which supports the ALJ considered
7  Plaintiff's complaints stemming from fibromyalgia. Dkt. 12 at 2. Specifically, Plaintiff replies
8  that the ALJ lists the conditions considered at Step 3 and does not list fibromyalgia. *Id*. Plaintiff
9  further replies that the ALJ's assessment of the objective evidence is not reasonable considering
10 the "myriad examples of objective findings consistent with severe fibromyalgia symptom which
11 support Dr. Kirchner's opinion." *Id*. at 3.

12       At Step Two of the sequential evaluation process, the ALJ determines whether the
13 claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*,
14 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii),
15 416.920(a)(4)(ii) (2012). "An impairment or combination of impairments is not severe if it does
16 not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §
17 404.1522; 20 C.F.R. § 416.922. Basic work activities are "the abilities and aptitudes necessary to
18 do most jobs." *Id*.

19       The Administration follows Social Security Ruling ("SSR") 12-2p when determining
20 whether fibromyalgia is a medically determinable impairment. *See* SSR 12-2p, *Titles II and XVI:*
21 *Evaluation of Fibromyalgia*, 2012 WL 3104869 (July 25, 2012). Fibromyalgia is a "complex
22 medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or
23 nearby soft tissues. . . ." *Id*. at *2. Fibromyalgia is a medically determinable impairment "when it
24

is established by appropriate medical evidence" and "can be the basis for a finding of disability." *Id*. In finding fibromyalgia a medically determinable impairment, the Commissioner cannot rely on a physician's diagnosis alone; rather, "the evidence must document that the physician reviewed the person's medical history and conducted a physical exam." *Id*. Furthermore, SSR 12-2p "designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically determinable impairment." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1005 (9th Cir. 2015) (citing SSR 12-2p).

Under the first set of criteria, fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) at least 11 tender points on physical examination; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869, at *2-3. According to the second set of criteria, fibromyalgia may be a medically determinable impairment if the claimant has (1) a history of widespread pain; (2) "[r]epeated manifestations" of six or more fibromyalgia symptoms, signs, or co-occurring conditions; and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3.

In this case, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease, obesity, diabetes, asthma, obstructive sleep apnea, depression, anxiety disorder vs. post-traumatic stress disorder, personality disorder, and history of substance use disorder. AR 24. However, the ALJ determined Plaintiff did not have a medically determinable impairment of fibromyalgia. AR 24-5.

In explaining, the ALJ noted Administrative Law Judge Mangrum found in a December 7, 2016 decision Plaintiff's fibromyalgia was not a medically determinable impairment because

the criteria in SSR 12-2p were not met. AR 24; 21. The ALJ notes the decision is administratively final because Plaintiff did not appeal. AR 24; 21.

In evaluating the evidence since the prior decision[3], the ALJ noted she continued to find fibromyalgia was not a medically determinable impairment because the criteria set forth under SSR 12-2p was still not met. AR. 25. At Step Two, without sufficient explanation, the ALJ appears to credit Dr. Weir's one-time consultative examination finding that Plaintiff "does not meet the diagnostic criteria for fibromyalgia on examination" over Dr. Kirchner's, diagnosis of fibromyalgia based on positive tender point testing. The ALJ noted that in June 2017, Dr. A. Peter Weir, consultive examiner, evaluated Plaintiff for fibromyalgia "by applying 4 kg of pressure to 18 standard trigger areas with distraction." AR 24 (citing AR 594). Of the 18 areas tested, Dr. Weir noted none were positive for tenderness. *Id*. The ALJ also noted that in August 2018, Dr. Shannan Kirchner, Plaintiff's primary care physician, diagnosed the claimant with fibromyalgia after conducting tender point testing.[4] AR 24 (citing AR 994-7; 1061). However, the ALJ noted that the medical records fail to establish the other criteria required by SSR 12-2p including repeated manifestations of six or more fibromyalgia symptoms or evidence that other disorders have been ruled out. AR 24.

---

[3] The ALJ, found the presumption rebutted because the mental listings have changed and Plaintiff developed new impairments since the last decision, but did not reopen the previous application period. In reviewing Plaintiff's fibromyalgia, the ALJ's considered only the medical evidence subsequent to the previous denial of disability. As Plaintiff did not raise any issue with respect to the ALJ's consideration of the prior evidence, the Court has limited its review to the medical evidence considered by the ALJ.

[4] The ALJ noted the testing was prompted by disability paperwork provided by Plaintiff's attorney. AR 24. However, Dr. Kirchner also noted back in 2013 that Plaintiff had "multiple sites of hyperalgesia noted (over neck, mid, lower back and also the elbows, knees and ankles (fibromyalgia points)" that were "consistent with fibro[myalgia]." AR 651. There are also additional records from prior to Dr. Kirchner's assessment documenting fibromyalgia. *See* AR. 640, 656, 753, 805, 852, 856.

Based on Dr. Kirchner's assessment, Plaintiff provided sufficient evidence to meet the first set of criteria set out in SSR 12-2p. The medical records document Plaintiff's history of widespread pain. *See* AR 1139,1208, 1215, 1237,1247, 1345 (tenderness on palpation); AR 1139, 1147, 1153, 1188, 1209, 1218, 1225, 1247, 1251, 1279, 1282, 1298 (pain, stiffness, and/or mobility issues); *see also* AR 1182,1192,1218,1220, 1228, 1247, 1251, 1279,1283,1298 (appeared chronically ill). Dr. Kirchner noted that Plaintiff had at least 11 out of 18 tender points and noted 16 tender points bilaterally on a diagram. AR 994-5. In addition, Plaintiff submitted an assessment to the Appeal's Council from Dr. Kirchner dated July 7, 2021, stating that there has not been significant improvement in her fibromyalgia and that other disorders causing similar or same signs or symptoms have been ruled out. AR 7. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012) (holding that new evidence considered by the Appeals Council in denying review becomes part of the administrative record which the Court must consider when reviewing the Commissioner's final decision); *see also Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011). However, the ALJ appears to have improperly applied SSR 12-2p by requiring Plaintiff to meet both criteria. After noting that Dr. Kirchner conducted tender point testing, as required by the first criteria, the ALJ noted the medical records fail to provide evidence of repeated manifestations of six or more fibromyalgia symptoms, which is required only by the second set of criteria set out in SSR 12-2p. AR 24. The Court concludes this was error.

While the ALJ further explained that the subsequent records from Dr. Kirchner in 2019-20 show treatment for acute physical conditions unrelated to fibromyalgia, the ALJ cites over 100 pages of the record without any further explanation. AR 24 (citing AR 1172-1293). The ALJ also noted the medical record did not list fibromyalgia as a primary or chronic condition, citing

one page of the record. AR 24 (citing 1384). These assertions are not supported by substantial evidence. In reviewing these records, the court notes fibromyalgia is mentioned on the "patient active problem list" in Plaintiff's medical records and it is noted that Plaintiff was on medication for pain. e.g., AR 1172, 1179, 1186, 1190, 1194, 1195, 1202, 1210, 1214, 1215, 1216, 1222. The record also shows Plaintiff sought treatment during that time period for a fibromyalgia flare following stress and sought follow-up appointments for pain. *See* AR 1204-1218. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)) (the ALJ "may not reject 'significant probative evidence' without explanation"); *Mahoney-Garcia v. Colvin*, 2015 WL 1965382, at *4-5 (W.D. Wash. Apr. 17, 2015) (finding the ALJ erred when he found Plaintiff's fibromyalgia was not a medically determinable impairment because he failed to consider all of the criteria in SSR 12-2p and relevant evidence).

Accordingly, the Court concludes the ALJ erred in assessing Plaintiff's fibromyalgia at Step Two by failing to appropriately consider the criteria for finding fibromyalgia a medically determinable impairment and the ALJ's findings are not supported by substantial evidence.

**II.     Remedy**

Plaintiff argues that these errors are harmful. Specifically, Plaintiff contends that because the ALJ did not find her fibromyalgia a medically determinable or severe impairment, the ALJ's determinations with respect to the opinion evidence and her testimony are flawed and not supported by substantial evidence. Dkt. 10. Plaintiff further argues that the ALJ failed to consider fibromyalgia at Step Three. Dkt. 12 at 2.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc.*

*Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). An error at Step Two may be harmless if the ALJ properly considers limitations posed by the omitted impairment subsequently in the sequential evaluation process. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *see also Martin v. Comm'r of Soc. Sec.,* No. 2:22-CV-562-DWC, 2022 WL 17249449, at *6–7 (W.D. Wash. Nov. 28, 2022).

The Defendant responds that, even if the ALJ should have found Plaintiff's fibromyalgia a medically determinable impairment, any error is harmless because Plaintiff's fibromyalgia is non-severe and the ALJ considered Plaintiff's pain complaint's, regardless of the source of these symptoms, in her assessment of her RFC. Dkt. 11 at 3 (citing AR. 25). At Step Two, the ALJ stated that, "even if medically determinable, fibromyalgia is non-severe, and she "considered all of the claimant's pain complaints, regardless of the source of these symptoms, in [her] assessment of [Plaintiff] RFC." However, the ALJ failed to provide any reasoning with respect to the severity of Plaintiff's fibromyalgia. AR. 25; *See* SSR 12-2p 2012 WL 3104869 at *5-6. In addition, the Court has not found in the decision where the ALJ address Plaintiff's alleged pain and other symptoms from fibromyalgia. AR. 25.

At Step Three, the ALJ considered Plaintiff's physical impairments of degenerative disc disease; obesity; diabetes; asthma; and obstructive sleep apnea and her mental impairments in determining that she did not have an impairment or combination of impairments that meets or equals a listed impairment. However, had the ALJ found Plaintiff's fibromyalgia a medically

determinable or severe impairment, the ALJ would have had to consider whether her symptoms of fibromyalgia medically equaled a listing alone, or in combination with at least one other medically determinable impairment. *See* SSR 12-2p 2012 WL 3104869 at *5-6.

Further, Plaintiff argues that, because the ALJ did not find her fibromyalgia a medically determinable or severe impairment, the ALJ failed to properly evaluate Dr. Kirchner's opinion evidence and failed to provide clear and convincing reasons for rejecting her testimony in assessing her RFC. Dkt. 10 at 4-16. The ALJ found the limitations opined by Dr. Kirchner were not persuasive because Dr. Kirchner "relied, in part on the diagnosis of fibromyalgia" which the ALJ found to be "either not medically determinable or non-severe." AR 35. This circular reasoning does not suffice where the ALJ should have found Plaintiff's fibromyalgia to be a medically determinable impairment. Had the ALJ done so, the ALJ would have had to consider Dr. Kirchner's opinions based on the fibromyalgia diagnosis. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) ("Where the ALJ has found a severe medically determinable impairment at step two of the sequential analysis, 'all medically determinable impairments must be considered in the remaining steps of the sequential analysis'") (citing *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.2007) (citing 42 U.S.C. § 423(d)(2)(B))); *Orellana v. Astrue*, 547 F. Supp. 2d 1169, 1172 (E.D. Wash. 2008) ("The combined effect 'shall be considered throughout the disability determination process'") (citing 42 U.S.C. § 423(d)(2)(B); *Terry B., v. Commissioner*, No. 6:21-CV-01438-JR, 2022 WL 17667221, at *2 (D. Or. Dec. 14, 2022) (An ALJ must "actually review[ ] the record and specif[y] reasons supported by substantial evidence for not including the non-severe impairment") (citations omitted).

The ALJ also found Dr. Kirchner's opinion not persuasive because Kirchner relied, in part, on the claimant's self-reported pain. AR 36. However, "[f]ibromyalgia is diagnosed

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

'entirely on the basis of patients' reports of pain and other symptoms," and "there are no laboratory tests to confirm the diagnosis." *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (citing *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

The Defendant states the ALJ also found that Dr. Kirchner's opinion overstated Plaintiff's limitations "based on the objective medical evidence" and because her "conditions did not appear to affect her strength, as examinations showed full strength, normal muscle tone and bulk, and no atrophy." Dkt. 11 at 3-4. Defendant argues that evidence of tenderness and pain does not compel a different interpretation of the record. *Id*. at 3. However, had the ALJ found Plaintiff's fibromyalgia was a medically determinable or severe impairment, the ALJ would have had to construe the medical evidence in light of fibromyalgia's "unique symptoms and diagnostic methods, as described in SSR 12-2p and [Ninth Circuit case law]." *Revels* 874 F.3d at 666; *see also Id*. at 662 (citations omitted; internal quotation marks omitted) ("a person with fibromyalgia may have muscle strength, sensory functions, and reflexes [that] are normal"); *Id*. (citing SSR 12-2p at *2–3) ("Pursuant to SSR 12-2P, tender-point examinations themselves constitute 'objective medical evidence'" of fibromyalgia); *Id*. (citing SSR 12-2p at *6) ("the symptoms of fibromyalgia 'wax and wane,' and a person may have 'bad days and good'").

With respect to Plaintiff's testimony, the ALJ only considered Plaintiff's testimony with respect to her medically determinable impairments. AR 29-33. As such, the ALJ did not consider Plaintiff's statements with respect to the limiting effects of her pain from fibromyalgia. Instead, the ALJ considered pain from degenerative changes in her lumbar spine. AR 29-30. The ALJ found that her statements concerning the limiting effects were not consistent with the imaging studies and other medical evidence. *Id*. The ALJ also found her testimony inconsistent with the sporadic complaints and intermittent nature of her care. AR 30. However, had the ALJ found

Plaintiff's fibromyalgia to be a medically determinable or severe impairment, the ALJ would have had to construe Plaintiff's testimony with respect to her pain as described in SSR 12-2p and Ninth Circuit case law. Thus, the ALJ also erred with regard to rejecting Plaintiff's testimony.

Therefore, because the ALJ did not consider Plaintiff's fibromyalgia throughout the sequential evaluation process, the Court concludes that the ALJ's failure to properly evaluate Plaintiff's fibromyalgia at Step Two is harmful and requires remand. Accordingly, this matter is reversed and remanded to the Commissioner for further proceedings consistent with this Order. *See* Dkt. 10 at 17 (requesting the Court reverse and remand).

## CONCLUSION

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings in accordance with the findings contained herein. **JUDGMENT** should be for Plaintiff and the case should be closed.

Dated this 29th day of December, 2022.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge